■ DORIC OPERATING COMPANY, Appellant-Respondent, v DAN RODGERS et al., Respondents-Appellants.—Order, Supreme Court, New York County, entered October 7, 1977, denying defendants' motion and plaintiff's cross motion for summary judgment, affirmed, without costs or disbursements. Doric Operating Company is a limited partnership which includes the individual defendants as limited partners. The partnership agreement contains a section (b) of article 6 which requires the limited partners to provide funds in addition to their initial contribution to carry on the business of the partnership. When the defendants were called upon to make such an additional contribution, they declined and this suit was instituted to compel additional contributions. The basis for their declining to contribute is the claim that, under article 7 of the agreement, the limited partners were to be charged for all losses during the first six years of the venture limited, however, to the extent of their original contributions. Plaintiff and defendants each moved for summary judgment and Special Term denied both motions. We would affirm. We agree with Special Term that there are factual issues outstanding, including whether the additional funds requested were to carry on the business of the partnership within the terms of section (b) of article 6. Concur—Kupferman, J. P., Evans, Lane and Sullivan, JJ.; Silverman, J., dissents in part in the following memorandum: I would grant defendants' motion for summary judgment dismissing the complaint. The building which was the subject of the limited partnership has been sold and the partnership business is no longer being carried on. The present action is nothing but an effort to make the limited partners bear the losses incurred beyond the amount of their original contribution. This appears to me to be forbidden by the terms of the limited partnership agreement. Article 7 of that agreement provides in part as follows: "7. *Profits and Losses.* Except as otherwise provided in this agreement, each Partner shall share in the net profits and net losses of the Partnership, as follows: * * * (ii) Net Losses: One hundred (100%) per cent thereof shall be charged to the Limited Partners for the first six (6) years of the Joint Venture in accordance with their respective P & L Percentages; *limited, however, to the extent of their contributions pursuant to Article 6(a) hereof".* (Emphasis supplied.) Section (a) of article 6 clearly refers only to the original contributions of the limited partners. Plaintiff's present action is based on section (b) of article 6 which relates to additional contributions required "in order to carry on the business". The limitation in article 7 (§ [a], subd [ii]) of the limited partners sharing in losses to their contributions under section (a) of article 6 I think precludes reliance on section (b) of article 6 to impose losses on them beyond their contributions. The provision in article 7 (§ [a], subd [ii]), which follows the quoted provision, that "thereafter" losses shall be shared between general and limited partners in the proportion of 20% to 80% (even if it be claimed that the limitation to contributions under section (a) of article 6 does not apply "thereafter") means after "the first six (6) years". But these losses were incurred and this action brought during the first six years.